1  **AKERMAN LLP**
   MARISSA ALGUIRE (SBN 249755)
2  MOJAN ANARI (SBN 298865)
   633 West Fifth Street, Suite 6400
3  Los Angeles, California 90071
   Telephone: (213) 688-9500
4  Facsimile:  (213) 627-6342
   Emails  marissa.alguire@akerman.com
5          mojan.anari@akerman.com

6  *Attorneys for Defendant*
   AGI GROUND, INC.
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMIN RAMOS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff;<br><br>v.<br><br>AGI GROUND, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:25−cv−01018−MAR<br><br>Assigned to Hon. Margo A. Rocconi<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)**<br><br>Complaint Filed: December 19, 2024<br>Removed:        February 5, 2025<br>Trial Date:     None |

1. On December 19, 2024, Plaintiff Jasmin Ramos ("Plaintiff") filed this putative class action, individually, and on behalf of all others similarly situated, with the Los Angeles Superior Court, asserting the following causes of action against Defendant AGI Ground, Inc. ("Defendant"): (1) failure to provide required meal periods (Lab. Code §§ 226.7, 510, 512, 1194, 1197; § 11 of all other applicable IWC Wage Orders); (2) failure to provide required rest breaks (Lab. Code §§ 226.7, 512; § 12 of all other applicable IWC Wage Orders); (3) failure to provide required recovery periods (Lab. Code § 226.7; California Code of Regulations, Title 8, Section 3395); (4) failure to pay overtime wages (Lab. Code §§ 510, 1194, 1198; § 3 of all applicable IWC Wage Orders); (5) failure to pay all minimum or straight time wages due (Lab. Code §§ 1194, 1197; all applicable IWC Wage Orders and applicable sections); (6) failure to pay all wages due to discharged and quitting employees (Lab. Code §§ 201, 202, 203); (7) failure to maintain required records (Lab. Code §§ 226, 1174; and § 7 of all applicable Wage Orders); (8) failure to furnish accurate and itemized wage statements (Lab. Code § 226; and § 7 of all applicable IWC Wage Orders); and (9) unfair and unlawful business practices (Bus. & Prof. Code §§ 17200, et seq.).;

2. On February 5, 2025, Defendant filed and served the Notice of Removal with the United States District Court;

3. Plaintiff's claims are subject to arbitration under an Arbitration Agreement and Waiver of Class and Collective Actions ("Arbitration Agreement") that Plaintiff executed on July 11, 2024 during her employment (attached hereto as Exhibit A), by which Plaintiff agreed to resolve any and all disputes that may arise from or in connection with her employment, or the termination of her employment, on an individual basis through binding arbitration;

4. All of Plaintiff's causes of action in this lawsuit are covered by and subject to the Arbitration Agreement;

5. Between February and March 2025, counsel for the Plaintiff and counsel

for the Defendant meet and conferred on several occasions regarding various issues in this case, including that Plaintiff's claims overlap with earlier-filed putative class and PAGA representative actions in which Plaintiff is a putative class member, as well as Plaintiff's Arbitration Agreement.

6. In an effort to avoid unnecessary law and motion including a motion to compel arbitration and motion to stay pending resolution of the earlier-filed class actions, counsel for Defendant informally produced to Plaintiff's counsel her executed arbitration agreement. After counsel for Defendant and Plaintiff (collectively referred to as the "Parties") met and conferred extensively to discuss the arbitration agreement, and based on which, the Parties agreed to stay the action pending completion of arbitration;

7. The Parties, by and through their counsel, have engaged in extensive negotiations and discussions over several months, during which they exchanged information for purposes of analyzing and determining the respective merits of each party's position regarding Plaintiff's individual claims, and entered into a Confidential Settlement and Release Agreement ("the Agreement");

8. Plaintiff therefore wishes to dismiss her individual claims with prejudice and without compromising the rights of any other person within Plaintiff's proposed class, none of whom, to the Parties' knowledge, have expressed an interest in filing their own related lawsuit or joining this lawsuit. As such, Plaintiff has not derived a personal benefit that could have possibly belonged to other potential class members. Such individual settlement and dismissal are appropriate because no class has been certified in this matter, the Parties are not requesting that any class be certified in connection with this settlement, the claims of members of any yet-to-be certified class are not released, and there is no prejudice to the rights of any other person within Plaintiff's proposed class.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and through the Parties' respective counsel, this action shall be voluntary dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**IT IS SO STIPULATED.**

DATED: June 11, 2025         Respectfully submitted,

                                              **AKERMAN LLP**

By: /s/ Marissa Alguire
    Marissa Alguire
    Mojan Anari
    *Attorneys for Defendant*
    AGI GROUND, INC.

DATED: June 11, 2025         **THE WHEELER LAW FIRM, APC**

By: /s/ Scott Ernest Wheeler
    Scott Ernest Wheeler
    Justin A. Wheeler
    *Attorneys for Plaintiff*
    JASMIN RAMOS